NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HELICOPTER ASSOCIATION
INTERNATIONAL; SAFARI AVIATION,
INC. DBA SAFARI HELICOPTERS
HAWAIʻI,

          Petitioners,

  v.

FEDERAL AVIATION
ADMINISTRATION,

          Respondent.

No. 24-1008

Agency No. Federal Aviation
Administration

MEMORANDUM[*]

On Petition for Review of an Order of the
Federal Aviation Administration

Submitted June 5, 2025[**]
Honolulu, Hawaii

Before: W. FLETCHER, CHRISTEN, and DESAI, Circuit Judges.

    Helicopter Association International and Safari Aviation dba Safari

Helicopters Hawaiʻi (Petitioners) petition for review of the final decision

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

implementing an Air Tour Management Plan for Hawaiʻi Volcanoes National Park (the Volcanoes ATMP) pursuant to 49 U.S.C. § 40128 (the Act). The Federal Aviation Administration (FAA) and the National Park Service (NPS) (collectively, the Agencies) issued the Volcanoes ATMP. The ATMP reduces the number of air tours authorized over the Park to 1,548 tours annually and restricts the routes, days, and hours that air tour operators may fly.

The decision issuing the ATMP is a final order of the FAA, and Safari Aviation has its principal place of business in Hawaiʻi, so we have jurisdiction pursuant to 49 U.S.C. § 46110(a). *See also* 49 U.S.C. § 40128(b)(5) ("An [ATMP] developed under this subsection shall be subject to judicial review."). We review the final order pursuant to the Administrative Procedure Act's (APA) arbitrary and capricious standard, 5 U.S.C. § 706(2)(A), *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). We deny the petition.

The Act obligates the Agencies to satisfy the APA's notice and comment provisions, 5 U.S.C. § 553. *See* 49 U.S.C. § 40128(b)(4)(B). And the APA requires the Agencies to "consider and respond to significant comments received during the period for public comment." *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 96 (2015).

Petitioners argue that the Agencies violated the APA by failing to respond to certain public comments. Specifically, Petitioners contend that the Agencies did

not address two significant issues raised in public comments: (1) safety concerns regarding the route, time, and altitude restrictions; and (2) concerns that the reduction in the number of annual air tours will limit Park access for the elderly, persons with disabilities, and persons with mobility impairments. Petitioners cite several public comments located in Appendix J of the final Environmental Assessment (EA)[1] and submitted during the public scoping process.

Petitioners overlook a key portion of the administrative record: the Comment Summary Report located at Appendix L of the final EA and incorporated into the final decision. The Comment Summary Report responds to the specific categories of comments on which Petitioners base their petition. *See Bldg. Indus. Ass'n of the Bay Area v. U.S. Dep't of Com.*, 792 F.3d 1027, 1034 (9th Cir. 2015) (rejecting argument that agency did not consider economic impacts as "belied by the administrative record"). The Agencies' FONSI/ROD also explains that the FAA reviewed all safety-related comments and details how the Agencies modified the draft ATMP to address safety concerns. The Agencies' decision

---

[1] The Act requires the Agencies to conduct an environmental review pursuant to the National Environmental Policy Act (NEPA), 42 U.S.C. § 4332, when developing an ATMP. 49 U.S.C. § 40128(b)(2). As a result, the record of the Agencies' final action resembles the type of record in most NEPA cases: an EA, a Finding of No Significant Impact (FONSI), and several EA appendices incorporated into the Record of Decision (ROD). This case, however, does not involve NEPA claims. Petitioners challenge only the Agencies' compliance with the APA's notice and comment procedures.

"both acknowledged the comments identified by [Petitioners] and provided a reasoned response which demonstrated that its action was based on relevant safety considerations." *Safari Aviation Inc. v. Garvey*, 300 F.3d 1144, 1151 (9th Cir. 2002). Petitioners argue that the Agencies' response to accessibility concerns lacks specificity, but the response shows that the Agencies did not "entirely fail[] to consider an important aspect of the problem," *State Farm*, 463 U.S. at 43, or evade their obligation to respond to public comments. Petitioners fail to show the decision was arbitrary or capricious. *See Safari Aviation*, 300 F.3d at 1150–51.

**PETITION DENIED.**